STEVEN CLARK,

    Plaintiff,

v.

CIVIL ACTION NO.: CV209-164

TOMMY GREGORY, Sheriff;
LARRY HAMILTON, SR.; JOSHUA
BAKER; ERIC A. WATSON;
LUCERTA Y. DYALS; CAROL
COATS; and GERRI S. WATERS,

    Defendants.

## ORDER

Plaintiff, who is currently incarcerated at Central State Prison in Macon, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at the Camden County Jail in Woodbine, Georgia. Defendants filed a Motion for Summary Judgment, and Plaintiff filed a Response[1]. Defendants filed a Reply. Based on the following, Defendants' Motion is **GRANTED**.

### STATEMENT OF THE CASE

Plaintiff states that: the Jail was overcrowded; inmates had to wear the same uniforms for two (2) weeks at a time; there were no linens for the beds; inmate-on-inmate attacks occurred; the law library was inadequate; inmates were not receiving

---

[1] Plaintiff filed a pleading entitled "Counter Motion for Summary Judgment". The undersigned considers the assertions in this pleading as Plaintiff's Response to Defendants' Motion. To the extent this pleading is a motion, Plaintiff's Motion is **DENIED**.

AO 72A
(Rev. 8/82)

incoming mail on a daily basis; inmates were being denied access to newspapers, cleaning supplies, and a real mirror; there were inadequate food supplies; and there were no protective custody procedures. In addition, Plaintiff sent the Court a letter in which he states that the conditions at the Jail did not improve and that he was assaulted by Officer Coats.[2]

Defendants assert that Plaintiff's claims fail as a matter of law, and they are entitled to summary judgment in their favor.

## **STANDARD OF REVIEW**

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish

---

[2] The undersigned addresses the three (3) parts of Defendants' Motion, as the undersigned directed service of Plaintiff's Complaint based on Plaintiff's conditions of confinement, excessive force, and access to the courts claims. To the extent Plaintiff's varied assertions cannot fit within one of these three (3) categories, his allegations will be addressed under the "Conditions of Confinement Claims" in Section III of this Order.

2

that there are no "genuine dispute[s] as to any material fact and the movant[s are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Access to the Courts Claim**

Defendants contend that Plaintiff does not claim he suffered any injury as a result of being denied access to the courts. In fact, Defendants contend, Plaintiff was able to pursue any litigation he wished. Defendants assert that Plaintiff brought this claim on behalf of other prisoners who allegedly were unable to pursue litigation while those prisoners were housed at the Camden County Jail. Defendants also assert that Plaintiff cannot show that he suffered an actual injury while pursuing a specific, nonfrivolous cause of action, and thus, lacks standing to support this First Amendment claim.

Plaintiff contends that Defendant Gregory, the Sheriff at the time he was housed at the Camden County Jail, was responsible for providing him and the other inmates an adequate law library, which he failed to do. Plaintiff avers that all prisoners are entitled to access to the courts.

3

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). In order to pass constitutional muster, the access allowed must be more than a mere formality. Bounds v. Smith, 430 U.S. 817, 822 (1977); Chappell, 340 F.3d at 1282. The access must be "adequate, effective, and meaningful." Bounds, 730 U.S. at 822. For an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. Christopher, 536 U.S. at 415; Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003). The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. See Lewis v. Casey, 518 U.S. 343 (1996). Stated another way, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." Hyland v. Parker, 163 F. App'x 793, 798 (11th Cir. 2006) (citing Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998)). There is no issue of material fact when the non-moving party has failed to prove the existence of an element essential to his case. Regions Bank v. Provident Bank, Inc., 345 F.3d 1267, 1279 (11th Cir. 2003). "Actual injury" is an essential element to a claim asserting the denial of access to the courts. See Christopher, 536 U.S. at 415.

This right to access to the courts also "requires prison authorities to. . . provide prisoners with adequate law libraries. . ." Wilson v. Blankenship, 163 F.3d 1284, 1290

AO 72A
(Rev. 8/82)

(11th Cir. 1998) (quoting Bounds, 430 U.S. at 828). This right is not an "'abstract, freestanding right to a law library or legal assistance,' so a prisoner bringing a deprivation of access to court claim must allege actual injury as a 'constitutional prerequisite.'" Taylor v. McSwain, 335 F. App'x 32, 34 (11th Cir. 2009) (quoting Lewis, 518 U.S. at 351-52). In other words, "in an access-to-courts claim, 'a plaintiff cannot merely allege a denial of access to a[n adequate] law library. . ., even if the denial is systemic.'" Wilson, 163 F.3d at 1291 (quoting Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996)). "To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case, that results from actions of prison officials." Miller v. Donald, 132 F. App'x 270, 272 (11th Cir. 2005) (citing Wilson, 163 F.3d at 1290-91).

Plaintiff fails to present any evidence whatsoever that he suffered an actual injury in the pursuit of a direct appeal, habeas petition, or civil rights case because of the purported inadequate law library at the Camden County Jail. In fact, during his deposition, Plaintiff stated that he has been able to pursue "all the litigation [he had] wanted" while he was housed at the Camden County Jail. (Doc. No. 77-5, p. 28). Plaintiff admitted that he had not been prevented from challenging his criminal proceedings, nor had he missed any filing deadlines based on Defendants' failure to have an adequate law library. (Id. at pp. 28-29). Plaintiff has presented no genuine dispute as to a material fact regarding his access to the courts claim, and Defendants are entitled to summary judgment on these claims.

## II. Excessive Force Claim

Defendants assert that Plaintiff admits that he was arguing with the Jail nurse and that he was yelling at Defendant Coats, which Defendants contend created a security risk and a threat to order requiring a response. Defendants allege that Defendant Coats pushed Plaintiff back into the cellblock from the hallway where he was standing. After this, Defendants assert, an inmate (perhaps Plaintiff) called Defendant Coats a "bitch", and Defendant Coats pushed Plaintiff again and placed him in handcuffs. Defendants also assert that Plaintiff was seen by medical staff later that day, and Plaintiff did not state that he sustained any "significant injury" as a result of this incident. (Doc. No. 77-1, p. 5). Defendants further assert that the amount of force Defendant Coats used fell well short of malicious or wanton conduct and was used only to stop Plaintiff from arguing and to restore order and discipline.

Plaintiff asserts that there was no investigation into the assault he suffered at Defendant Coats' hand and that Defendants Gregory, Hamilton and Baker did not speak to any of the officers on duty. Plaintiff also asserts that Defendant Coats' attack on him was unprovoked.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that prison officials are entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison officials' conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that

AO 72A
(Rev. 8/82)

the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009). In other words, to establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

Plaintiff has not shown that Defendant Coats acted in a malicious or sadistic manner. Further, Plaintiff fails to show that he suffered any injury as a result of this incident or that any alleged injury was more than de minimis. At most, Plaintiff, during his deposition, characterized Defendant Coats as having "shoved" him initially, and then shoved him a second time and twisted his arms behind his back because she thought Plaintiff was the person who called her a "bitch". (Doc. No. 77-5, pp.45-48). Plaintiff admitted that medical staff checked him for headaches, which were not related to this alleged assault, later that day and that he never requested to have medical staff examine him again. (Id. at pp. 51-52). As a matter of law, Plaintiff cannot sustain his excessive force claim against Defendant Coats.

AO 72A
(Rev. 8/82)

## III. Conditions of Confinement Claims

Defendants assert that, taken in the light most favorable to him, Plaintiff's allegations concerning his conditions of confinement claims do not satisfy the objective standard of the Eighth Amendment.[3] Specifically, Defendants contend that Plaintiff's claim that he and other inmates were forced to sleep on the floor of the cell on several occasions only infers that there were more people than beds in the cell block, which does not establish a constitutional violation. Defendants also contend that Plaintiff's claims that he did not have sheets or a pillow does not rise to the level of a constitutional violation. Defendants further contend that Plaintiff's claim that he and other inmates were forced to wear the same uniform for two (2) weeks does not establish an Eighth Amendment violation. Defendants assert that Plaintiff does not complain that he received meals of insufficient nutritional value, only that he was not getting enough milk and fruit. Defendants assert that there is no evidence that the meals provided were nutritionally deficient or that Plaintiff suffered any injury due to these meals. Finally, Defendants assert that they were unaware of a threat of inmate-on-inmate violence resulting from the alleged conditions of confinement at the Jail.

Plaintiff asserts that Defendants had a duty to protect him from other inmates. Plaintiff also states that Defendant Gregory had a duty to provide him with a pillow, a mirror, cleaning supplies which were strong enough to clean black mold, and a clean jumpsuit on a weekly basis. (Doc. No. 94-2, pp. 3-4). Plaintiff alleges that Defendants Gregory, Hamilton, Baker, Watson, and Dyals are liable for denying access to

---

[3] The undersigned notes that Plaintiff was a pretrial detainee when he was housed at the Camden County Jail. Plaintiff's claims of excessive force and unconstitutional conditions of confinement claims have been analyzed under the Eighth Amendment because "cases involving convicted prisoners and decided under the Eighth Amendment apply equally to cases involving pretrial detainees." Ellis v. Pierce Co., Ga., 415 F. App'x 215, 217 (11th Cir. 2011).

8

newspapers, magazines, or books. Plaintiff also alleges that he did not receive enough milk while he was housed at the Camden County Jail.

The Eighth Amendment "forbids punishments that are cruel and unusual in light of contemporary standards of decency." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 865 (11th Cir. 2008) (citing U.S. CONST. amend. VIII). "Accordingly, the Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive in prison." Id. (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). In order to state an Eighth Amendment claim under section 1983, a "prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct." Richardson v. Johnson, 598 F.3d. 734, 737 (11th Cir. 2010) (citing Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). "Under the objective component, a prisoner must allege a prison condition that is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety. To satisfy the subjective component, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Id. "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Id. "[A] prisoner's mere discomfort, without more, does not offend the Eighth Amendment." Hernandez, 281 F. App'x at 865.

At most, Plaintiff's general allegations concerning the conditions of his confinement at the Camden County Jail reveal that he was made to suffer discomfort. However, as a matter of law, these allegations do not satisfy the Eighth Amendment requirements that Defendants knew of a risk of serious harm and that they ignored that

AO 72A
(Rev. 8/82)

risk. For example, Plaintiff admitted during his deposition that he had never had trouble with cellmates who he contends assaulted him and that the alleged assaults occurred "out of the blue". (Doc. No. 77-5, pp. 38-41). Thus, Defendants cannot be liable for failing to protect Plaintiff from unknown threats. In sum, Plaintiff fails to create a genuine dispute as to any material fact regarding his conditions of confinement claims.

It is unnecessary to address Defendants' contention that they are entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 6th day of February, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)